IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **JULIO MENDOZA,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:19-cv-201 |
| v. | § | |
| | § | |
| **OCWEN LOAN SERVICING, LLC, PHH MORTGAGE CORPORATION, PACIFIC SOUTHWEST BANK, AND BEVERLY MITRISIN AS SUBSTITUTE TRUSTEE IN FORECLOSURE,** | § § § § § | |
| | § | |
| Defendants. | § | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446(a), Defendants Ocwen Loan Servicing, LLC ("Ocwen") and PHH Mortgage Corporation ("PHH" and together with Ocwen, "Defendants") file this notice of the removal of this action from the 448th Judicial District Court of El Paso County, Texas (the "Notice"). Defendants submit this Notice in support of its removal. Removal is based on diversity jurisdiction. Defendants respectfully show as follows:

### INTRODUCTION

1.  On July 1, 2019, Plaintiff Julio Mendoza ("Plaintiff") filed his *Original Petition and Request for Temporary Restraining Order* (the "Petition") bearing Cause No. 2019DCV2465 in the 448th Judicial District Court of El Paso County, Texas, styled *Julio Mendoza v. Ocwen Loan Servicing, LLC, PHH Mortgage Corporation, Pacific Southwest Bank, and Beverly Mitrisin as Substitute Trustee in Foreclosure* (the "State Court Action"). A true and correct copy of the Docket Sheet from the State Court Action is attached hereto as Exhibit A. In accordance with 28 U.S.C. Section 1446(a), copies of all process, pleadings, and orders served in the State Court Action, are attached hereto within the contents of Exhibit B.

2. The allegations in the Petition relate to a deed of trust and foreclosure proceedings on the real property and improvements located at 11676 McAuliffe Drive, El Paso, TX 79936, more particularly described as:

> LOT THIRTY-FOUR (34), BLOCK SIX (6), EAST GATE SUBDIVISION UNIT ONE (1), AN ADDITION TO THE CITY OF EL PASO, EL PASO COUNTY, TEXAS, ACCORDING TO THE PLAT THEREOF ON FILE IN BOOK 61, PAGES 59 AND 59A, PLAT RECORDS, EL PASO, TEXAS.

(the "Property"). Plaintiff brings forth the following claims against Defendants: (1) Violations of the Texas Debt Collection Act; (2) Violations of the Texas Deceptive Trade Practices Act; (3) Request for Injunctive Relief; (4) Request for Temporary Restraining Order; and (5) Request for Declaratory Relief. (*See* Petition at ¶¶18-26). For these alleged wrongs, Plaintiff seeks actual damages, exemplary damages, attorneys' fees, a declaratory judgment and a temporary restraining order enjoining Defendants from proceeding with foreclosure. (*Id.* at prayer).

3. This Notice of Removal is timely because thirty (30) days have not expired since Defendants appeared herein, making removal proper in accordance with 28 U.S.C. Section 1446(b).

4. This action is removable to federal court pursuant to 28 U.S.C. Section 1441 because it could have been filed originally in this Court pursuant to diversity jurisdiction conferred by 28 U.S.C. Sections 1332.

## BASIS FOR REMOVAL – DIVERSITY JURISDICTION

5. Removal of the State Court Action to this Court is proper pursuant to 28 U.S.C. Sections 1332, 1441(a) and (b) because the parties are diverse and the amount in controversy is well in excess of $75,000.00 exclusive of interest, costs, and attorneys' fees.

   A. **There is complete diversity.**

6. Plaintiff is an individual and citizen of the state of Texas (*See* Petition at ¶2).

7. Defendant Ocwen Loan Servicing, LLC is a limited liability company, whose citizenship is determined by its members. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). The sole member of Ocwen Loan Servicing, LLC is Ocwen Mortgage Servicing, Inc., which is incorporated and has its principal place of business in the U.S. Virgin Islands. Ocwen Loan Servicing, LLC is therefore a citizen of the U.S. Virgin Islands for purposes of diversity jurisdiction.

8. For diversity jurisdiction purposes, a corporation is a citizen of the state in which it was incorporated and the state in which it has its principal place of business. 28 U.S.C. § 1332(c). PHH Mortgage Corporation is a New Jersey corporation with a principal place of business in New Jersey.

9. Because Plaintiff and Defendants do not share a state citizenship, there is diversity of citizenship.

### B. Pacific Southwest Bank has not been served.

10. The Fifth Circuit has construed Section 1446(b) to require that all defendants that have been <u>served</u> join in or consent to the removal within thirty days of service of the first defendant. *Gillis v. Louisiana*, 294 F.3d 755, 759 (5th Cir. 2002); *Doe v. Kerwood*, 969 F.2d 165, 169 (5th Cir. 1992). "Only defendants who have been served and properly joined at the time of removal need to consent to removal." *Tisdale v. Kaufman & Broad Mortg. Co.*, No. A-17-CA-810-SS, 2017 U.S. Dist. LEXIS 164423, at *7 (W.D. Tex. Oct. 3, 2017) (citing *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1261 n.9 (5th Cir. 1988)). Here, Defendant Pacific Southwest Bank has not been served and therefore its consent to removal is not required.

### C. Defendant Beverly Mitrisin is a nominal party.

11. Texas law recognizes that a trustee named solely in his or her capacity as trustee under a deed of trust or security instrument is a nominal party in a suit to prevent a foreclosure

because a trustee is the definition of a "depository or stakeholder." *Padalecki v. Bank of Am. N.A.*, No. 5:14-cv-00970-XR, 2014 U.S. Dist. LEXIS 169124, at *12-13 (W.D. Tex. Dec. 5, 2014) (citing *Louisiana v. Union Oil Co. of Calif.*, 458 F.3d 364, 366-67 (5th Cir. 2006)). Here, Defendant Beverly Mitrisin is a nominal party due to her role as a trustee under a deed of trust. (*See* Petition at ¶5). Accordingly, Defendant Beverly Mitrisin's consent to the removal of this action is not necessary because she is a nominal party. *See Doe v. Kerwood*, 969 F.2d 165, 167 (5th Cir. 1992).

### D.     The amount in controversy exceeds $75,000.00.

12.     When declaratory or injunctive relief is sought, the amount in controversy is measured by the value of the object of the litigation, and the value of that right is measured by the losses that will follow. *Webb v. Investacorp, Inc*. 89 F.3d 252, 256 (5th Cir. 1996). Stated differently, "the amount in controversy, in an action for declaratory and injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented." *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983); *see also Lamarr v. Chase Home Finance, LLC*, 2008 WL 4057301 (N.D. Miss. 2008) (finding amount in controversy requirement was satisfied where plaintiff sought to set aside foreclosure sale and home appraised for $83,000.00, plus unspecified amount of monetary damages); *Bank of America National Trust and Sav. Assoc. v. Reeves*, 1995 WL 96617, *1 (E.D. La. 1995) (court held that the amount in controversy was met in action seeking to enjoin foreclosure on property because the suit "puts at issue the entire value of the property on which they attempt to enjoin defendants from foreclosing.").

13.     "Reasonable bases for valuing properties include 'purchase price, market value, or outstanding principal and interest.'" *McPherson v. Bank of Am., N.A.*, No. H-16-3498, 2016 U.S. Dist. LEXIS 180115, at *6 (S.D. Tex. Dec. 30, 2016) (citations omitted).

14. Plaintiff seeks injunctive relief prohibiting Defendants from foreclosing on the Property. (*See* Petition at Prayer). Therefore, through the request for injunctive relief, he has put an amount in controversy equal to the value of the Property. The El Paso County Central Appraisal District most recent valuation of the Property shows a total assessed value of the Property at $111,966.00. (*See* Exhibits C, C-1). For this reason alone, the amount in controversy exceeds $75,000.00.

## VENUE

15. Venue for removal is proper in this district and division, the United States District Court for the Western District of Texas, El Paso Division, under 28 U.S.C. Section 1441(a) because this district and division embrace the 448th Judicial District Court of El Paso County, Texas, the forum in which the removed action was pending.

## NOTICE

16. Pursuant to 28 U.S.C. Section 1446(d), a copy of this Notice is being filed with the Clerk of Court for the 448th Judicial District Court of El Paso County, Texas.

17. The contents of Exhibit B constitute the entire file of Cause No. 2019DCV2465 in the 448th Judicial District Court of El Paso County, Texas.

## CONCLUSION

For the reasons described above, Defendants respectfully requests that this Court take jurisdiction over this matter and proceed as if it had been originally filed herein.

Respectfully submitted,

By: _/s/ Mark D. Cronenwett_
**MARK D. CRONENWETT**
Texas Bar No. 00787303
mcronenwett@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P. C.**
14160 North Dallas Parkway, Suite 900
Dallas, TX 75254
Telephone: (214) 635-2650
Facsimile: (214) 635-2686

**ATTORNEYS FOR DEFENDANTS**

## List of all Counsel of Record

For Plaintiff:

Omar Maynez
Texas Bar No. 24043807
Maynez Law, P.C.
1533 N. Lee Trevino Drive, Suite 203
El Paso, Texas 79936
Tel: (915) 599-9100
Fax: (915) 613-4284
Email: mail@maynezlaw.com

For Defendant:

Mark D. Cronenwett
Texas Bar No. 00787303
Mackie Wolf Zientz & Mann, P. C.
14160 North Dallas Parkway, Suite 900
Dallas, TX 75254
(214) 635-2650 Telephone
(214) 635-2686 Facsimile
mcronenwett@mwzmlaw.com

## **INDEX OF DOCUMENTS ATTACHED**

Exhibit A    Docket Sheet for Cause No. 2019DCV2465 in the 448th Judicial District Court of El Paso County, Texas;

Exhibit B    Pleadings in Cause No. 2019DCV2465 in the 448th Judicial District Court of El Paso County, Texas;

    B-1    Original Petition, July 1, 2019;

    B-2    Temporary Restraining Order, July 2, 2019;

Exhibit C    Declaration of Mark D. Cronenwett; and

    C-1    Data Sheet from the El Paso County, Texas Appraisal District web-site on July 12, 2019.

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served on July 23, 2019 as stated below on the following:

<u>Via ECF and regular mail</u>:
Omar Maynez
mail@maynezlaw.com
Maynez Law, P.C.
1533 N. Lee Trevino Drive, Suite 203
El Paso, Texas 79936
*Counsel for Plaintiff*


       */s/ Mark D. Cronenwett*
    **MARK D. CRONENWETT**